UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
CASE NO. 4:07CV-402-SPM/WCS

FLORIDA STATE CONFERENCE OF THE NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (NAACP), as an organization and representative of its members; *et al.*;

Plaintiffs,

v.

KURT S. BROWNING, in his official capacity as Secretary of State for the State of Florida,

Defendant.

_______________________________________/

OFFICE OF CLERK U.S. DISTRICT CT. NORTHERN DIST. FLA GAINESVILLE, FLA.
2007 SEP 21 AM 10: 22
RECEIVED

**RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR EXPEDITED DISCOVERY AND ENTRY OF SCHEDULING ORDER**

Defendant Kurt S. Browning, in his official capacity as Secretary of State for the State of Florida, files this response in opposition to Plaintiffs' Motion for Expedited Discovery and Entry of Scheduling Order and Incorporated Memorandum of Law, filed September 17, 2007.

**INTRODUCTION**

In this action, Plaintiffs seek an injunction prohibiting enforcement of Section 97.053(6), Florida Statutes, which implements a critical anti-fraud provision of the Help America Vote Act ("HAVA"). On September 17, 2007, Plaintiffs filed a nine-count Complaint, alleging violations of HAVA, the Voting Rights Act (the "VRA"), the

National Voter Registration Act (the "NVRA"), and the United States Constitution. Simultaneously with the filing of their Complaint, Plaintiffs filed a Motion for Preliminary Injunction, a Memorandum of Law in Support of their Motion for Preliminary Injunction, a Motion for Expedited Discovery and Entry of Scheduling Order and Incorporated Memorandum of Law (the "Motion") (and a proposed order), the Declarations of Glenn T. Burhans, Jr., Conny McCormack, and Andrew Borthwick, and a proposed First Set of Interrogatories and First Request for the Production of Documents. Plaintiffs' filings, including exhibits and discovery requests, total 516 pages of wide-ranging factual allegations and carefully crafted legal argument.

While Plaintiffs' counsel simultaneously coordinated press releases trumpeting their attack on Florida's election laws, *see* Exhibits A and B, they did not comply with applicable notice and conference provisions of federal law, or even inform the Secretary, as a matter of courtesy, of the impending action.[1] Despite these omissions, Plaintiffs now attempt, on the ground of exigent need, to force an expedited schedule, including burdensome discovery demands, crafted around their calendars, arguing that the approaching presidential preference primary election requires an immediate decision on a complex legal matter and complex facts related to voter registration.

Plaintiffs' contention is tarnished not only by their pains to ensure surprise, but also by their contrived delay—of more than a year—in bringing this action. The facts

[1] In fact, the Secretary's first notice of this action was not from Plaintiffs at all, but rather from an internet press account.

plainly show that Plaintiffs procrastinated this action to the artificially created eleventh hour in hopes of profiting from invented chaos, without any regard to the disruption that their tactics inflict on the public, the Court, and their adversaries. In doing so, Plaintiffs forfeited the right credibly to assert that exigent circumstances require an accelerated schedule and a hasty judicial determination. Compliance with Plaintiffs' request rewards sharp practice and promotes needless haste in the adjudication of a complex legal issue. The Secretary objects to tactics meant to create an atmosphere of turmoil where there is none.

## MEMORANDUM OF LAW

### I. PLAINTIFFS' CLAIM OF EXIGENT NEED IS BELIED BY THEIR ONE-YEAR DELAY IN FILING THIS ACTION.

Plaintiffs contend that their unilaterally dictated scheduling order is essential to "ensure that Plaintiffs' claims can be resolved before the December 31st deadline" for voters to register in advance of the election on January 29, 2008. Motion at 2. Citing "exigent circumstances" arising from "time constraints," Plaintiffs contend that "their members will suffer irreparable harm" if this Court does not accept a schedule convenient to them. *Id*. at 2, 7. Plaintiffs' assertion of concern for their members' rights is totally contradicted by Plaintiffs' own one-year delay in filing this action. Because any loss of time was entirely the result of tactic and their own deliberate choice, Plaintiffs cannot now urge exigent need to justify an expedited schedule.

On September 20, 2006, the Advancement Project, Plaintiffs' Washington, D.C.-based counsel, together with others, sent a letter to then Secretary of State Sue Cobb, contending that Section 97.053(6), Florida Statutes, violates HAVA and the VRA. *See*

Exhibit C. In its letter, the Advancement Project set forth its arguments in detail and requested a response from the Secretary within seven days. Despite the numerous and heavy demands on her time and attention in the period between the 2006 Primary and General Elections, the Secretary responded on September 29, 2006. *See* Exhibit D. Not satisfied, the Advancement Project sent the Secretary a second letter on October 11, 2006, setting forth additional, detailed legal arguments in support of its position. *See* Exhibit E. The Advancement Project again demanded an expedited response from the Secretary's predecessor, prescribing a five-day ultimatum for her response in the midst of the 2006 election cycle.

This letter was followed on January 24, 2007, by an e-mail from Jennifer Maranzano of the Advancement Project, expressing concern with the validity of Section 97.053(6), Florida Statutes. *See* Exhibit F. On February 14, 2007, Secretary Browning responded by reiterating the position of his predecessor that the disputed statute "is in compliance with state and federal law requirements." *See* Exhibit G. On March 12, 2007, having more than once been advised of the Secretary's position, the Advancement Project again set forth its position and requested a meeting with the Secretary.[2] *See* Exhibit H. Once again, it required an immediate response from the Secretary, demanding an answer within four days. The Secretary, fully apprised of the Advancement Project's

---

[2] This direct contact with the Secretary was despite the fact that the Advancement Project is counsel of record in two related actions, *see League of Women Voters of Florida v. Cobb*, 447 F. Supp. 2d 1314 (S.D. Fla. 2006), and *Diaz v. Browning*, Case No. 04-22572-CIV (S.D. Fla.)—actions in which the Secretary is the adverse party and is represented by counsel.

legal position, determined that an additional meeting would not yield any productive dialogue. *See* Exhibit I.

During and since the period of the exchange of correspondence between Plaintiffs' counsel and the Secretary, Plaintiffs proceeded without any indication of urgency to gather information by means of public records requests. *See, e.g.,* Exhibit I (noting on March 20, 2007, that the Advancement Project submitted a public records request for "a list of persons who were or are in pending status (i.e., applications complete) for which driver's license numbers/SSNs could not be verified"); Motion at 2 ("Plaintiffs' counsel has conducted pre-litigation fact investigation over the course of more than one year—including obtaining information via public records requests to the Secretary of State as well as numerous county supervisors of elections . . . ."). In fact, on September 7, 2007, Plaintiffs' counsel submitted an additional public records request, and, in keeping with custom, assigned the Secretary an abbreviated schedule for compliance. *See* Exhibit J (requesting a broad range of documents and prescribing a 14-day deadline). Plaintiffs' counsel also obtained information collaterally through depositions in *Diaz v. Browning*, Case No. 04-22572-CIV (S.D. Fla.), a case initiated, among others, by the Advancement Project and Paul, Weiss, Rifkind, Wharton & Garrison LLP, Plaintiffs' New York-based counsel, to challenge other provisions of Florida's voter registration laws. *See* Deposition of Sarah Jane Bradshaw, at 94-108 (July 30, 2007).

Not only have Plaintiffs targeted Section 97.053(6), Florida Statutes, for more than a year, their counsel have been legally engaged on the so-called matching issue since

at least May of 2006. On May 24, 2006, Plaintiffs' New York-based counsel—Paul, Weiss, Rifkind, Wharton & Garrison LLP, and the Brennan Center for Justice—initiated a challenge to a matching requirement under the laws of Washington state. *See Washington Ass'n of Churches v. Reed*, Case No. CV06-0726RSM (W.D. Wash. 2006). Several of the submissions filed in *Reed* nearly one and a half years ago, including the Declarations of Conny McCormack and Andrew Borthwick, mirror those filed by Plaintiffs in this action. Plaintiffs' counsel, therefore, were well prepared to bring this action for an adjudication on the merits prior to the 2006 elections. To the extent they failed to do so, the resulting harm, if any, is self-inflicted.

Plaintiffs' counsel have been on notice of Florida's matching requirement since 2005. Section 97.053(6), Florida Statutes, was signed into law on June 20, 2005, and took effect on January 1, 2006. Much of the preparatory work necessary to initiate this action was complete by May, 2006, as evidenced by the similarity, and, in some places, identity, of the documents filed by Plaintiffs' counsel in the Washington case and those filed by them here. In addition, as early as January 23, 2007, Jennifer Maranzano of the Advancement Project provided a statement to the Florida Senate Committee on Ethics and Elections arguing that Section 97.053(6), Florida Statutes, "violates federal law." *See* Exhibit K. And since at least February 14, 2007, Plaintiffs' counsel have known, without the possibility of mistake, the Secretary's reiterated position favoring the validity of the challenged statute. Meanwhile, Plaintiffs have availed themselves of Florida's liberal open public records law to examine official documents, while the Secretary has

not enjoyed the corresponding luxury of reviewing Plaintiffs' records to ascertain the character and magnitude of the alleged harm to Plaintiffs and their members.

Plaintiffs' counsel, nevertheless, chose to delay the filing of this action until barely more than three months remained before Florida's registration deadline for the January 29, 2008, presidential preference primary election. They accompanied the filing, moreover, with the bold representation that exigent circumstances, arising from time constraints, demand an accelerated schedule, and with the assertion that, despite their leisurely sixteen-month head start, haste would now "serve the interests of justice." Motion at 2. In light of Plaintiffs' long and conscious delay in bringing this action, even as they evaded Florida's 2006 election cycle, their representations to the Court regarding "the interests of justice" are simply hollow.

Plaintiffs' headlong plan would needlessly impose discovery burdens on the Secretary—burdens that could be avoided if the Secretary is afforded an opportunity to test the legal sufficiency of Plaintiffs' complaint. It plainly disserves the interests of justice to permit Plaintiffs to delay, and, by their delay, to deprive the Court and the Secretary of the opportunity to simplify and narrow—or even totally eliminate—the issues as a matter of law before throwing open the doors to vast discovery on all of the matters raised in Plaintiffs' 516-page submission. This Court should neither reward Plaintiffs for their delay by depriving the Secretary of the ability to test the Complaint, nor countenance the inefficiency of permitting onerous discovery on insufficient claims.

Not only should the Court allow the Secretary an opportunity to respond before authorizing discovery, the Court should afford an opportunity for the Election Assistance

Commission ("EAC") and the Civil Rights Division of the U.S. Department of Justice ("DOJ") to intervene in this action. Both the EAC, which was created by HAVA to assist states with compliance issues, and the DOJ have an active interest in the proper administration of federal election laws, and their intervention would materially contribute to the proper adjudication of this case. The Secretary and his predecessor have been clear that Florida's matching system faithfully follows advice provided by the EAC and DOJ. Plaintiffs' plan, however, excludes the possibility of EAC and DOJ participation.

Indeed, the complexity of the issues raised by Plaintiffs' Complaint and the magnitude of the interests at stake, including the express policy of Congress to prevent fraud in the voter registration process, demand deliberation and care—not haste or impulse. Plaintiffs, however, ask this Court for the best of all worlds—more than a year to prepare, a surprise filing, immediate discovery,[3] a scheduled hearing on their terms, and no opportunity on the Secretary's part to test the sufficiency of the Complaint. This Court should deny Plaintiffs' motion to subject the Secretary to burdensome discovery and a hearing on the merits before affording an opportunity to challenge Plaintiffs' Complaint in the regular course of judicial procedure and local practice.

[3] Plaintiffs' assurance that, "[s]imply put, [Plaintiffs will] not seek overly broad or burdensome discovery," *see* Motion at 7, promises only what the Federal Rules of Civil Procedure already secure. *See* Fed. R. Civ. P. 26(b)(2) and (c).

## II. PLAINTIFFS FAILED TO COMPLY WITH APPLICABLE NOTICE PROVISIONS OF FEDERAL LAW.

Plaintiffs not only filed this action after long delay, they filed it in violation of applicable notice and conference requirements. Specifically, Plaintiffs failed to confer with the Secretary's counsel regarding this Motion, in violation of Local Rule 7.1(B) and failed to provide the notice required by federal law as a prerequisite to private right of action alleging a violation of the NVRA. The infelicity of Plaintiffs' attempt, after long delay and without consultation with the Secretary, to dictate a scheduling order is exacerbated by their evasion of applicable notice provisions.

### *A. Local Rule 7.1(B)*

Local Rule 7.1(B) provides in pertinent part that:

> Counsel for the moving party . . . shall confer with counsel for the opposing party and shall file with the court, at the time of filing a motion, a statement certifying that counsel . . . has conferred with counsel for the opposing party in a good faith effort to resolve by agreement the issues raised or has attempted to so confer but, for good cause stated, was unsuccessful.

A motion for expedited discovery and the entry of a scheduling order is not among the motions excepted from the operation of Local Rule 7.1(B). *See* Local Rule 7.1(B)(1)-(4). Plaintiffs did not consult with the Secretary or his counsel regarding their Motion. On the contrary, the Secretary was entirely unaware of both this action and the Motion until after filing. Plaintiffs' Motion, moreover, fails to certify that their counsel conferred with the Secretary's counsel or were unable for good cause to do so.

Plaintiffs' representation that they did not know who the Secretary's counsel is, *see* Motion at 8, is incomprehensible considering Plaintiffs' counsel are currently

engaged with the Secretary in two related actions, in both of which undersigned counsel represents the Secretary. *See* note 1, *supra*. It is not only incomprehensible, but not credible, considering Plaintiffs' counsel copied undersigned counsel on the public records request they submitted to the Secretary only ten days before filing their Complaint. *See* Exhibit J. A simple phone call to the Secretary, moreover, would have resolved any uncertainty. Such a common sense, good faith effort was inconsistent, however, with Plaintiffs' plan of surprise.

***B. 42 U.S.C. § 1973gg-9(b).***

The NVRA provides that "[a] person who is aggrieved by a violation of this subchapter may provide written notice of the violation to the chief election official of the State involved." 42 U.S.C. § 1973gg-9(b)(1). Only if the state fails, within 90 days, to correct the alleged violation may the "aggrieved person . . . bring a civil action in an appropriate district court for declaratory or injunctive relief with respect to the violation." *Id.* § 1973gg-9(b)(2).

In alleging a violation of 42 U.S.C. § 1973gg-6(a)(1)(A)-(D), *see* Complaint ¶ 163, Plaintiffs alleged a violation for which notice is required as a prerequisite to a private right of action. Plaintiffs failed, however, to provide the state with Section 1973gg-9 notice of an alleged violation of the NVRA.[4]

---

[4] The correspondence between Plaintiffs' counsel and the Secretary was insufficient to serve as notice under Section 1973gg-9. These letters, though they set forth elaborate legal argument regarding HAVA and the VRA, did not indicate how the challenged statute violated the NVRA or even identify a person that had been "aggrieved" by an alleged violation of the NVRA. Had they done so, "aggrieved" persons would have found ample assistance and remedy with their local Supervisors of Elections.

Plaintiffs' failure to comply with the notice and conference provisions of Local Rule 7.1(B) and 42 U.S.C. § 1973gg-9(b)(1) defeated the intent of those provisions to prevent surprise, facilitate the amicable adjustment of differences, and enable the defendant to prepare a defense. Their noncompliance, coupled with their deliberate delay in bringing this action, militates against indulging Plaintiffs' Motion to accelerate both discovery and adjudication of Plaintiffs' Motion for Preliminary Injunction according to Plaintiffs' expedited schedule.

## CONCLUSION

In light of Plaintiffs' decision to delay this action, which afforded them ample time to prepare their case while forcing the Secretary into a rigorous timeframe, and in light of Plaintiffs' noncompliance with mandatory notice provisions of federal law, the Secretary objects to Plaintiffs' attempt, without consultation, to dictate an expedited schedule—a Court prerogative—and to goad the Court into a hasty proceeding. Accordingly, the Secretary requests that the Court appoint a day for a scheduling conference at which the Court can frame a scheduling order that accommodates its schedule and that of the parties and provides that the Complaint may be challenged while discovery is postponed, ensuring a considered resolution of the complex issues raised in this litigation.

Respectfully submitted,

PETER ANTONACCI
Florida Bar No.: 280690
ALLEN WINSOR
Florida Bar No.: 016295
ANDY V. BARDOS
Florida Bar No.: 822671
GRAYROBINSON, P.A.
Post Office Box 11189
Tallahassee, Florida 32302-3189
Phone: 850-577-9090
Fax: 850-577-3311
E-mail:
pva@gray-robinson.com
awinsor@gray-robinson.com
abardos@gray-robinson.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing has been served through the Court's CM/ECF system or by electronic mail and U.S. Mail this 20th day of September, 2007, to the following:

Glenn T. Burhans, Jr.
Greenberg Traurig, P.A.
101 East College Avenue
Tallahassee, Florida 32301
Phone: 850-222-6891
Fax: 850-681-0207

Robert A. Atkins
D. Mark Cave
J. Adams Skaggs
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1286 Avenue of the Americas
New York, New York 10019-6064
Phone: 212-373-3000
Fax: 212-492-0289

Justin Levitt
Myrna Pérez
Wendy R. Weiser
Brennan Center for Justice at NYU School of Law
161 Avenue of the Americas, 12th Floor
New York, New York 10013
Phone: 212-998-6730
Fax: 212-995-4550

Elizabeth S. Westfall
Jennifer Maranzano
Advancement Project
1730 M Street, NW, Suite 910
Washington, D.C. 20036
Phone: 202-728-9557
Fax: 202-728-9558

Brian W. Mellor
Project Vote
196 Adams Street
Dorchester, Massachusetts 02124
Phone: 617-282-3666
Fax: 617-436-4878

Andy V. Bardos