UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE OF THE
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE
(NAACP), as an organization and representative
of its members, *et al.*,

   Plaintiffs,

vs.

Civil No. 4:07cv402 SPM/WCS

KURT S. BROWNING, in his official capacity as
Secretary of State for the State of Florida,

   Defendant.

## PROTECTIVE ORDER

**THIS CAUSE** comes before the Court on the Plaintiffs' Motion for Entry of Protective Order, filed October 11, 2007. The Court is fully advised of the premises and determines that, **with the modification herein to paragraph 11 regarding filing with the court,** there is good cause for the Motion and entering this Protective Order.

**WHEREAS**, discovery and other proceedings in this Proceeding may require the production or disclosure of confidential personal information of Florida residents, including the social security number, driver's license number, and Florida identification number of a voter registration applicant or voter and the signature of a voter registration applicant or a voter; *see* § 97.0585, Fla. Stat., and the identity of any member of a membership organization that is a party to the Proceeding;

# 104401 v2

**WHEREAS**, the information enumerated in § 97.0585, Fla. Stat., is exempted from disclosure under Florida's Public Records Law (Ch. 119, Florida Statute);

**WHEREAS**, the information sought may be relevant to the adjudication of this matter and/or reasonably calculated to lead to the discovery of admissible evidence in this matter; and

**WHEREAS**, the Court finds it in the interests of justice, the parties and any third-parties from whom discovery may be sought to expedite the flow of said discovery material, facilitate the prompt resolution of any disputes of confidentiality, and adequately protect confidential information;

Accordingly, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion is **GRANTED**, and

**IT IS FURTHER ORDERED THAT** discovery in this Proceeding shall be governed by this Protective Order as follows:

1. Definitions of terms used in this Protective Order ("Protective Order") are:

    (a) "Proceeding" means the matter captioned *Florida State Conference of the NAACP, et al. v. Browning*, N.D. Fla. Case No. 4:07-cv-402-SPM/WCS.

    (b) "Confidential Information" means, whether or not designated confidential:

        1. The social security number, driver's license number, and Florida identification number of a voter registration applicant or voter, *see* § 97.0585(1), Fla. Stat.;

      2. The signature of a voter registration applicant or a voter, *see* § 97.0585(2), Fla. Stat.; and

      3. The identity of any member of a membership organization that is a party to the Proceeding.

  (c) "Document" refers to any book, pamphlet, periodical, letter, report, memorandum, notation, message, telegram, cable, record, study, working paper, file, chart, graph, photograph, film, index, tape, correspondence, record of purchase or sale, contract, agreement, lease, invoice, e-mail, electronic or other transcriptions or taping of telephone or personal conversations or conferences, or any and all other written, printed, typed, punched, taped, filmed, or graphic matter, or tangible thing, however produced or reproduced.

2. Any person (including any nonparty) producing documents in connection with this Proceeding may designate as confidential only those portions of a document that contain Confidential Information by stamping or typing the designation on the such portions of the documents produced. If a party inadvertently produces documents that omit a proper designation or bear an improper designation, the producing party may, by providing written notice to the receiving party within seven days of discovering the inadvertent production, redesignate such documents. Upon receiving such written notice, the receiving party shall treat the documents according to the new designation. If the designation by a nonparty of portions of documents as confidential shall entail expense upon the producing nonparty, such expense shall, in addition to any other reimbursable expense, be reimbursed by the requesting party.

3. A party to the Proceeding, or any deponent or witness with respect to his or her testimony, may designate as confidential any portion of deposition testimony or other testimony containing Confidential Information either before the testimony is given, at the time the testimony is given, or within thirty days of receipt of the transcript; the portion of the testimony designated as confidential shall be marked by the court reporter with the appropriate legend as directed by the designating party.

4. Confidential Information shall not be disclosed or used for any purpose other than the defense, prosecution, or settlement of this Proceeding.

5. Confidential Information may be seen only by:

   (a) this Court and its personnel;

   (b) each party's attorneys and the staff of those attorneys;

   (c) independent experts and consultants, including experts or consultants who are not retained or are not expected to testify (pursuant to Paragraph 6 of this Protective Order);

   (d) court reporters, videographers, commercial copy services, translators, demonstrative exhibit preparers, trial consultants, and data and computer support organizations hired by and assisting the attorneys for any party;

   (e) any person from whom testimony is taken, where such person was an author or a recipient of the designated document or where counsel for the designating party has, either before or during the deposition, approved the disclosure of such documents to that

person, except that such person may not retain any such documents; and

(f)  the individual parties and officers, directors and employees (and former officers, directors and employees) of any party.

Confidential Information shall not be disclosed to any other persons. Confidential Information may be shown only to the above-described people or entities when disclosure of the documents is necessary for purposes of this Proceeding and the disclosing party has obtained written agreement, in the form attached hereto as EXHIBIT A for individuals and EXHIBIT B for organizations, by the person or entity receiving the disclosure to be bound by this Protective Order and to consent to the jurisdiction of the United States District Court for the Northern District of Florida for purposes of enforcing this Protective Order. The people listed in Paragraph 5(b) and (f) shall be bound by the terms of this Protective Order.

6.  Confidential Information may only be shown to experts and consultants when disclosure is necessary for purposes of this Proceeding and the disclosing party has obtained written agreement, in the form attached hereto as EXHIBIT A for individuals and EXHIBIT B for organizations, by the person or entity receiving the disclosure to be bound by this Protective Order and to consent to the jurisdiction of the United States District Court for the Northern District of Florida for purposes of enforcing this Protective Order. If an expert or consultant will be shown Confidential Information, and if the disclosure of the identity of the expert or consultant is required by court rule or is otherwise required by the Court, the disclosing party shall provide, to all parties, a copy of the expert's or consultant's signed written agreement in the form attached hereto as EXHIBIT A for

individuals and EXHIBIT B for organizations. For all other experts or consultants to whom Confidential Information will be shown, the disclosing party shall submit the written agreement, in the form attached hereto as EXHIBIT A for individuals and EXHIBIT B for organizations, to a mutually agreed upon neutral third party. The neutral third party shall retain the written agreement in confidence from all other parties for the duration of the litigation. Upon final adjudication of this Proceeding in the trial court, the neutral third party shall provide copies of all written agreements to any party upon request.

7. The production of unredacted Confidential Information by any person pursuant to discovery in this Proceeding and in compliance with this Protective Order shall not be deemed a contravention of Florida law, and no person making such production shall be criminally or civilly liable therefor.

8. Nothing herein shall impose any restrictions on the use or disclosure by a party of documents or portions of documents obtained by such party independent of discovery from a party in this Proceeding, whether or not such documents or portions of documents are also obtained through discovery in this Proceeding, or from disclosing its own Confidential Information or portions of documents as it deems appropriate. Nor shall this Protective Order restrict the use or disclosure of documents or portions of documents that: (a) are in the public domain at the time of the use or disclosure; (b) become part of the public domain after the time of the use or disclosure, through no fault of the receiving party; (c) were received from a third party who was under no obligation of confidentiality to the party that produced the documents; or (d) are derived or obtained independently of the use or disclosure. The receiving party shall have the burden of proving that the use or disclosure satisfies one or more of these criteria.

9. If any party or individual who has received Confidential Information is served with a subpoena or other judicial process demanding the production or disclosure thereof, the receiving party or individual: (a) shall provide all parties to this Proceeding with a copy of such subpoena or other judicial process within ten days following receipt thereof; (b) shall inform the subpoenaing party that the requested documents are governed by the terms of the Protective Order in this Proceeding; and (c) shall not disclose or produce the Confidential Information.

10. If Confidential Information produced in accordance with this Protective Order is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately bring all pertinent facts related to such disclosure to the attention of all counsel of record and, without prejudice to other rights and remedies of the party that produced the documents, shall make every possible effort to prevent any further disclosure by it or by the person(s) who received such documents.

11. This Protective Order shall not restrict disclosure of Confidential Information to this Court, its personnel, or any appellate court or federal district court in accordance with this paragraph. All materials filed with this Court that include Confidential Information shall be filed with the Confidential Information redacted. If, however, the Confidential Information is relevant and necessary evidence and therefore cannot be redacted, the Confidential Information may be filed Under Seal. All unredacted Confidential Information shall be presented to the Clerk for filing in paper form with a notice to the Clerk that the documents must be filed under seal pursuant to this protective order. The Clerk will either scan the documents into the electronic docket

and file them electronically "UNDER SEAL" status, or will file the documents in paper form in sealed envelopes or other appropriately sealed containers on which shall be recorded the title of this Proceeding and the words "UNDER SEAL."

12. This Protective Order shall be without prejudice to the right of any party to this Proceeding to bring before the Court at any time the question of whether any particular information is or is not Confidential Information. This includes the ability to question whether a document filed under seal was appropriately designated confidential. Whenever a party to the Proceeding objects to the designation of documents as confidential, and if agreement by the parties cannot be reached as to categorization, the objecting party may apply to the Court for an order redesignating such documents, and, if applicable, unsealing such documents. The designating party shall have the burden of sustaining the designation.

13. Upon final adjudication of this Proceeding, unless otherwise agreed to in writing by an attorney for the producing party, any party that has received Confidential Information shall destroy such documents, including all copies, summaries or compilations of such documents. Notwithstanding this provision, the Secretary shall maintain Confidential Information in accordance with his normal document retention policies. Confidential Information received by the Secretary's experts under paragraph 5(c) shall be returned to the Secretary upon final adjudication of this Proceeding for keeping in accordance with the Secretary's normal document retention policies. Any Confidential Information retained by the Secretary pursuant to this paragraph shall be confidential and exempt from public disclosure to the extent otherwise provided by applicable law.

14. The terms of this Protective Order shall survive and remain in full force and effect after the termination of the Proceeding.

**DONE AND ORDERED** in Chambers at Tallahassee, Florida, this 23rd day of October, 2007.

*[signature]*

WILLIAM C. SHERRILL
UNITED STATES MAGISTRATE JUDGE

Copies to Counsel of Record.

## Exhibit A

### AGREEMENT TO BE BOUND BY TERMS OF PROTECTIVE ORDER

The undersigned has read the foregoing Protective Order (the "Protective Order") signed by the Parties thereto and entered by this Court in *Florida State Conference of the NAACP, et al. v. Browning*, Case No. 4:07-cv-402-SPM/WCS, in the United States District Court for the Northern District of Florida. I understand its contents, and hereby undertake and agree to abide by its terms including, without limitation, those terms regarding the Confidential Information (as defined in the Protective Order). The undersigned agrees to submit to the jurisdiction of the United States District Court for the Northern District of Florida for the purpose of enforcing the terms and conditions of the Protective Order.

_____            _____
Date                                                       Name (Print or Type)

                                                              _____
                                                              Signature

                                                              _____
                                                              Company (if applicable)

Protective Order
Case No. 4:07-cv-402-SPM/WCS

# 104401 v2            10

Exhibit B

## AGREEMENT TO BE BOUND BY TERMS OF PROTECTIVE ORDER

The undersigned, as an authorized representative of the organization specified below, has read the foregoing Protective Order (the "Protective Order") signed by the Parties thereto and entered by this Court in *Florida State Conference of the NAACP, et al. v. Browning*, Case No. 4:07-cv-402-SPM/WCS, in the United States District Court for the Northern District of Florida, understands its contents, and hereby undertakes and agrees that its terms including, without limitation, those terms regarding the use of any Confidential Information (as defined in the Protective Order), apply to the organization and its employees, representatives, and agents, and that the company shall take responsibility for any violations of the Protective Order by any of its employees, representatives, and agents who receive such documents. The organization further agrees to submit to the jurisdiction of the United States District Court for the Northern District of Florida, for the purpose of enforcing the terms and conditions of the Protective Order.

_____      _____
Date                         Name (Print or Type)

                             _____
                             Signature

                             _____
                             Company (Print or Type)

Protective Order
Case No. 4:07-cv-402-SPM/WCS

*TAL 451437287v2 10/22/2007*

# 104401 v2                  11