IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

FLORIDA STATE CONFERENCE
OF THE NATIONAL ASSOCIATION
FOR THE ADVANCEMENT OF
COLORED PEOPLE (NAACP),
as an organization and representative
of its members; et al.;

           Plaintiffs,

v.                                    CASE NO. 4:07CV-402-SPM/WCS

KURT S. BROWNING, in his official
capacity as Secretary of State
for the State of Florida,

           Defendant.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME**

THIS CAUSE comes before the court upon Plaintiff's Motion for Clarification of Scheduling Order (doc. 184). Plaintiff seeks a sixty-day (60) extension of the discovery deadline that was as set forth and agreed upon in the Report of Parties' Planning Meeting (doc. 171). Defendant has filed a response opposing Plaintiff's request (doc. 187).

In the Report of Parties' Planning Meeting, the parties agreed that the deadline for fact discovery would be March 31, 2009 and the deadline for expert

discovery would be June 1, 2009.  However, the discovery deadline stated in the Scheduling Order (without any distinction made between fact discovery and expert discovery) is June 1, 2009.  This discrepancy has resulted in Plaintiff's request for clarification.  Plaintiffs would prefer for the deadline for fact discovery *and* expert discovery to be June 1, 2009.  Defendant opposes this request because he claims that Plaintiff has taken too long to begin and complete discovery and that Defendant will suffer prejudice in the form of increased litigation costs.

Plaintiff states that the request made by Plaintiff on February 10, 2009 was substantially similar to a request made on September 18, 2008.  The September request was deemed premature by Defendant because the parties had not yet held their Rule 26(f) conference.  Plaintiff then made another request in February.  Consequently, the documents requested in February should not have come as a complete surprise to Defendant.  Because Defendant was already on notice about what documents Plaintiff was requesting in discovery, any additional litigation costs borne by Defendant as a result of a 60-day discovery extension will be minimal.  It appears that neither party has met their optimum level of efficiency and expediency.  As a result, this Court finds that an additional 60-day period to conclude fact discovery will be beneficial and will not pose an undue burden on Defendant.

Accordingly, it is hereby ORDERED and ADJUDGED that Plaintiff's

motion for clarification and an extension of the fact discovery deadline until **June 1, 2009** is **granted**.  It if further ORDERED that all other terms and conditions of the Initial Scheduling Order (doc. 177) not modified herein shall remain in full force and effect.

DONE AND ORDERED this <u>thirtieth</u> day of March, 2009.


*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge